Boneck, Respondent, vs. Herman, Appellant.*

*October 16—November 20, 1945.*

* Motion for rehearing denied, without costs, on January 8, 1946.

594

*Frank E. Hebert* of Tomahawk, for the appellant.

For the respondent there was a brief by *Wurster & Curtis* of Merrill, and oral argument by *C. B. Wurster*.

ROSENBERRY, C. J. Two causes of action were stated. The first cause of action was for the value of the pulpwood and cordwood cut and removed from the premises by the defendant. Upon the trial, this cause of action was abandoned. The second cause of action stated was for damage to the real estate caused by the cutting and removal of timber by the defendant.

At the close of the evidence and before the argument of counsel to the jury, the following proceedings were had:

"The court: Is it agreeable to counsel for both plaintiff and defendant that these two questions be the only two questions submitted to the jury?

"Mr. Hebert: Yes.

"Mr. Wurster: It is.

"The court: Neither of you have any request for any other questions to be submitted?

"Mr. Hebert: No.

"Mr. Wurster: Plaintiff has none."

The verdict contained no question relating to the wilfulness of the trespass nor respecting the alleged defenses set forth in the defendant's answer.

Sec. 270.28, Stats., provides:

"When some controverted matter of fact not brought to the attention of the trial court but essential to sustain the judgment is omitted from the verdict, such matter of fact shall be deemed determined by the court in conformity with its judgment and the failure to request a finding by the jury on such matters shall be deemed a waiver of jury trial *pro tanto*."

By statutory definition, sec. 2857, Stats. 1878, a special verdict is that by which the jury finds the facts only, leaving the judgment to the court. A general verdict is one by which the jury pronounces upon all or any of the issues either in favor of the plaintiff or the defendant. *Davis v. Chicago, M. & St. P. R. Co.* (1896) 93 Wis. 470, 482, 67 N. W. 16, 67 N. W. 1132.

The verdict in this case was therefore a special verdict. So the trial court must be presumed to have found that the trespass was wilful and that the alleged defenses of the defendant were without merit and did not constitute a defense.

The situation in which we find the record leaves the only question open for consideration by this court whether there is evidence from which the jury could find that the damage to the land was $1,000. The plaintiff testified:

In my opinion, this property before the cutting of the trees was worth between $2,500 and $3,000 and since the cutting is worth between $600 and $1,000.

Harry A. Peterman, a real-estate broker living at Merrill, after viewing the premises, testified:

The property was worth between $2,000 and $2,500 with the trees on. The property with trees off would be worth somewhere between $500 and $1,000.

Peterman testified that he had dealt in summer-resort property but had never sold property around Tomahawk.

F. P. Werner, a witness on behalf of the plaintiff, testified:

I live at Tomahawk and am a real-estate broker. I inspected the Spirit premises. If the timber that was cut was good live timber, the property would be worth from $1,500 to $2,000, that is if the trees were living—after cutting $750 to $800.

Ed. MacDonald, a state cruiser, had lived in Tomahawk, Wisconsin, fifty-two years, had been an appraiser, viewed the property but gave no opinion as to its value. MacDonald later recalled, testified that before the cutting, the property was worth $1,000, after the cutting $850.

The defendant testified, describing the premises, but expressed no opinion as to value.

Phil Griel, on behalf of the defendant, testified that he lived close to Boneck's place; that in his opinion the value of the property in August was $800, after the cutting, was worth $650. He testified that in placing the value he had merely deducted the value of the stumpage. He put no value on the property as resort property.

It is undisputed in the evidence that the property was subject to flowage, and in the opinion of some of the witnesses was not suitable for resort purposes for that reason.

The plaintiff testified that—

"the dam went out on Labor Day, 1941, and I had to move out of there fast. Prior to that time, I had built another cottage which had just about been completed before the flood—the flood took this cottage, the water reached a point three and one-half to four feet inside the cottage."

A careful study of the entire record in this case convinces us that there has been a miscarriage of justice in this case. While we cannot say that the testimony which tends to support the verdict is incredible, when the verdict is considered in connection with the whole evidence, it appears to be excessive and unreasonable. The legal effect of the fact that the defendant was a mortgagee in peaceable possession does not seem

to have been called to the attention of the court. See *Schwartz-burg v. Rahtjen* (1938), 227 Wis. 525, 536, 279 N. W. 19. There is evidence in the record which presents a jury issue as to whether the trespass, if any, in this case is wilful. Wilful trespass is an essential element of plaintiff's claim to double damages. Sec. 26.09, Stats.

In view of the result reached, the court is of the view that the statutory presumption should not prevail in this case. The failure to have the issues properly submitted was due to the failure of counsel to make a proper request. The trial court made due inquiry of counsel as to whether any other questions than those relating to damage should be submitted. Nevertheless, it is considered that the court in this case should exercise the power conferred upon it by sec. 251.09, Stats. That section provides:

"In any action or proceeding brought to the supreme court by appeal or writ of error, if it shall appear to that court from the record, that the real controversy has not been fully tried, or that it is probable that justice has for any reason miscarried, the supreme court may in its discretion reverse the judgment or order appealed from, regardless of the question whether proper motions, objections, or exceptions appear in the record or not, and may also, in case of reversal, direct the entry of the proper judgment or remit the case to the trial court for a new trial. . . ."

Counsel for the defendant neglected to comply with the rules relating to appeals to this court. No judgment was returned with the record; the brief of defendant is inaccurate and the appendix does not comply with the rule.

*By the Court.*—The judgment appealed from is reversed, and the cause is remanded to the trial court with directions to grant a new trial. The defendant shall be allowed no costs on this appeal and shall pay the clerk's fees.

The following opinion was filed January 8, 1946:

PER CURIAM (*on motion for rehearing*). The plaintiff makes a very earnest argument in support of his motion for a

rehearing in this case, in the course of which the following statement is made:

"So, the record is clear that while Herman may have been a mortgagee in peaceable possession (acquired by reason of the fact that Boneck was in the army and couldn't resist his entry), nevertheless, Herman wasn't collecting any rents or profits, because the land was vacant, idle, wooded land, which had no rents or profits. *Instead, Herman was committing waste, by cutting timber without any authority, right or license.*"

In this statement counsel has put his finger upon the matter that gives us concern in this case. If Herman was in peaceable possession as a mortgagee, it is difficult to see how he could be guilty of wilful trespass. Counsel argues that the cutting was wilful. The statute, sec. 26.09, does not allow recovery of double damages for "wilful cutting" but for "wilful trespass." It is because this whole matter was not tried out or even adverted to on the trial that the judgment was reversed.

Motion denied without costs.